IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH LEWIS,<br><br>      Plaintiff,<br><br>v.<br><br>MIKE HYNEK and HYNEK CONSTRUCTION LLC,<br><br>      Defendants. | **COMPLAINT** |

COMES NOW Kenneth Lewis and for his causes of action against Defendants Michael Hynek and Hynek Construction LLC hereby states the following:

### INTRODUCTION

1. This is a civil action under the Fair Labor Standards Act ("FLSA"), the Nebraska Wage Payment and Collection Act ("NWPCA"), and the Employee Retirement Income Security Act (ERISA) seeking damages for Defendants' wage theft from Plaintiff and failure to pay earned retirement benefits.
2. Plaintiff Kenneth Lewis is a resident of Nelson, Nuckolls County, Nebraska.
3. Defendant Mike Hynek is a resident of Guide Rock, Webster County, Nebraska.
4. Defendant Hynek Construction LLC is a domestic corporation incorporated in the State of Nebraska, with its designated address as 1058 Road 2300 in Guide Rock, Nebraska.
5. Mike Hynek is the owner and operator of Hynek Construction LLC.
6. Hynek Construction LLC is a construction company which constructs and repairs grain bins.
7. Plaintiff Kenneth Lewis is employed by Hynek Construction LLC to construct and repair grain bins in Nebraska and in other states throughout the United States.
8. Kenneth Lewis is an employee of Hynek Construction LLC pursuant to 29 U.S.C. § 203(e) and Neb. Rev. Stat. § 48-1229(1).
9. Kenneth Lewis has worked for Hynek Construction LLC since 2014.
10. Hynek Construction LLC is an employer within the meaning of 29 U.S.C. § 203(d) and Neb. Rev. Stat. § 48-1229(2).
11. Hynek Construction LLC is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), in that it regularly conducts business in the State of Nebraska and in other states throughout the United States.
12. Alternately, Hynek Construction LLC is engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce and in the production of goods for commerce, or that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.
13. The acts of which Plaintiff complains of were conducted in the State of Nebraska.

14. At various times during his employment with Hynek Construction LLC, Plaintiff has worked more than 40 hours per week or 80 hours in a two-week pay period.
15. Mike Hynek pays Plaintiff for 40 hours a week of labor or 80 hours in a two-week period at his straight pay rate through Hynek Construction LLC. Mike Hynek then pays Plaintiff for any hours worked in excess of the 40 hours per week or 80 hours a pay period through a personal account, also at straight pay.
16. Mike Hynek pays Plaintiff (and other workers) for Hynek Construction LLC in such a manner in order to avoid paying him for overtime at the rate required under federal and Nebraska law.

## COUNT I
## VIOLATION OF FLSA
## 29 U.S.C. § 201, ET SEQ.
## FAILURE TO PAY OVERTIME

17. Plaintiff repleads paragraphs 1-16 as if fully set forth herein.
18. Plaintiff is entitled to overtime wages under the FLSA.
19. Defendants were required to pay Plaintiff overtime pay for all hours worked in excess of 80 hours in each 14-day pay period of employment.
20. Defendants knowingly, willfully, and/or with reckless disregard, carried out an unlawful pattern or practice of failing to pay Plaintiff overtime compensation for overtime hours worked.
21. Defendants' deliberate decision not to pay Plaintiff for his actual overtime hours worked was neither reasonable nor made in good faith.
22. Plaintiff is entitled to overtime wages at a rate not less than time and a half his regular rate of pay under the FLSA.
23. As a result of Defendants' acts or omissions, Plaintiff has been denied wages to which he was entitled.

## COUNT II
## VIOLATION OF NEBRASKA WAGE PAYMENT AND COLLECTION ACT
## NEB. REV. STAT. § 48-1228, ET SEQ.
## FAILURE TO PAY EARNED WAGES AND BENEFITS

24. Plaintiff repleads paragraphs 1-23 as if fully set forth herein.
25. Plaintiff is entitled to payment for all wages earned and hours worked.
26. Defendants were required to pay Plaintiff for all hours worked.
27. Defendants knowingly, willfully, and/or with reckless disregard, carried out an unlawful pattern or practice of failing to pay Plaintiff for all hours worked.
28. Defendants' deliberate decision not to pay Plaintiff for his hours worked was neither reasonable nor made in good faith.
29. Defendants failed to pay Plaintiff for all accrued benefits earned based on its failure to pay Plaintiff the correct pay rates.

30. Plaintiff has in the past and will continue in the future to suffer lost wages and benefits for hours worked Defendants have failed to pay.

## COUNT III
## VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974
## 29 USC 1001, et seq.
## FAILURE TO PAY EARNED RETIREMENT BENEFITS

31. Plaintiff repleads paragraphs 1-30 as if fully set forth herein.
32. Defendants contribute a 3% match to Plaintiff's IRA.
33. Plaintiff is a participant in the plan pursuant to 29 USC § 1132.
34. Defendants' actions as described herein to illegally withhold pay from Plaintiff have denied him funds which would have been contributed to his IRA.
35. As a result of Defendants' acts or omissions, Plaintiff has lost wages has been denied retirement proceeds to which he was entitled.
36. Plaintiff brings this cause of action pursuant to 29 USC 1132(a)(3) seeking to enjoin Defendants from refusing to pay him and other employees wages and compensation they are entitled to, to obtain equitable relief to redress Defendants' violations, and to enforce the provisions of ERISA and the terms of the retirement plan.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, including:

   a. Payment for all unpaid straight time hours;
   b. Liquidated damages in an amount equal to the unpaid straight time hours due to Plaintiff;
   c. Payment for all unpaid overtime hours;
   d. Liquidated damages in an amount equal to the unpaid overtime hours due to Plaintiff;
   e. Payment for the difference between all benefits accrued by Plaintiff at the incorrect hourly rate/hours paid and the correct hourly rate/hours worked by Plaintiff;
   f. Prejudgment and post judgment interest;
   g. Plaintiff's attorneys' fees and expenses;
   h. Costs of this action;
   i. Injunctive and equitable relief, including but not limited to requiring Defendants immediately correct Plaintiff's pay rates, begin paying Plaintiff for all hours worked, and implement correct pay policies under the FLSA and Nebraska Wage Payment and Collection Act;
   j. Injunctive and equitable relief to redress Defendants' violations of ERISA and the terms of Plaintiff's retirement plan; and
   k. All other monetary, equitable, and/or injunctive relief to which Plaintiff may be entitled.

The amount of monetary damages which will be claimed in this case will be based on an analysis of pay records currently within the exclusive possession and control of the Defendants, and ultimately determined by a jury.

## JURY DEMAND

Plaintiff requests a trial by jury in this matter.

/s/ Thomas J. Freeman
Thomas J. Freeman, #23639
Fiedler Law Firm, PLC
17330 Wright Street, Suite 102
Omaha, NE 68130
(402) 316-3060
(402) 513-6501 (facsimile)
tom@employmentlawnebraska.com

David M. Handley, #22148
Handley Law, P.C., L.L.O.
1141 H Street
Lincoln, NE 68508
(402) 925-3434
(402) 817-5584 (facsimile)
david@nebraska-injury.com

ATTORNEYS FOR PLAINTIFF